## North Branch Transfer, Inc. v. Bower

*Douglas Englelman*, for plaintiff J. Bower, Jr.
*Jack Felix*, for defendant M. Bower.
*Mark Taylor*, for defendant P. Bower.
*Patricia Shipman*, for intervenor Estate of J. Bower, Sr.

GRAY, *J.*, February 14, 2014—

## VERDICT and ORDER

Before the court is the issue of ownership and percentage of ownership of North Branch Transfer, Inc. ("North Branch"). In the interest of justice, the parties agreed to initially try that one issue first. A non-jury trial was scheduled in this matter on January 29, 2014 at which time the parties agreed to submit the matter on stipulated facts placed on the record as well as arguments and briefs. The parties were granted additional time to submit supplemental briefs and/or to request further argument in this matter. The time for requesting further argument or submission of additional memoranda has passed. After review of the arguments, stipulated facts, and trial briefs and supplemental memoranda of law submitted in this matter, the court enters the following verdict, order and opinion.

The parties agree that the question ownership and percentage of ownership of North Branch turns on whether John Bower, Sr. gave his shares of North Branch to John Bower Jr. before or upon his death by executing a document entitled "Shareholders Meeting" ("Document").[1] That document states that on March 29, 2011 John Sr. called

---

1. The parties agreed that no consideration was provided in exchange for the transfer of shares and that the issue would turn on whether the John Sr. made a gift or whether the document constituted a valid testamentary document.

a special meeting for the shareholders of North Branch to inform the members that he would "temporarily be away for a few weeks on vacation" and that he resigned his position as president in the event that he did not return in a "timely fashion." That document quotes John Bower Sr. as stating "If for any unforeseen reason that I become ill beyond comprehension and only in the event of my death do I relinquish all my shares of North Branch Transfer to the officers and directors of the company in equal parts. The officers and directors of this company are: John Bower Jr., Brenda Bower, and Jonathon Bower." The document states that all the officers and directors accepted the motion. The document is signed by John Bower Sr., John Bower Jr., Brenda Bower, and Jonathon Bower.

"The requirements for a gift are intent, delivery and acceptance in all cases." I*n re Estate of Sipe*, 492 Pa. 125, 30 (Pa. 1980), citing, *Cost v. Caletri*, 394 A.2d 513, 517, n.10 (1978); *Wagner v. Wagner*, 353 A.2d 819 (1976) (further citations omitted). "Donative intent is the intention to make an immediate gift." *Wagner v. Wagner*, 353 A.2d 819 (1976), citing, *Parkhurst Estate*, 167 A.2d 476, 478 (1961). "The essence of delivery of a gift is relinquishment by the donor of dominion and control of the subject matter of the gift." *Wagner*, 353 A.2d at 822, quoting, Brown, personal property § 39 (1955). The clearest form of delivery of a gift of corporate shares is registration of the shares in the name of the donee on the stock ledger of the company coupled with physical delivery to the donee of stock certificates in the name of the done representing the shares so registered." *Wagner*, 353 A.2d at 822-823. However, "less formal modes of delivery have been sufficient." *Id.* Acceptance may be

presumed absent express renunciation. *In re Estate of Sipe*, 492 Pa. 125, 131 (Pa. 1980). "A gift causa mortis differs from other gifts only in that it is made when the donor believes he is about to die, and is revocable should he survive."[2] *Titusville Trust Co. v. Johnson*, 375 Pa. 493, 497-498 (Pa. 1953). To establish a gift mortis causa, the donor must have "believed he was going to die, that he was likely to die soon; and death did actually ensue within a reasonable time thereafter." *Titusville Trust Co.*, 375 Pa. at 499. The donor's state of mind may be inferred from the circumstances. *Id.*

Applying these principles to the facts of this case, this court concludes that John Bower, Jr. failed to produce sufficient evidence of donative intent and delivery for a valid inter-vivos gift. The document does not establish the donor's intent to make an *immediate* gift. It explicitly conditioned the relinquishment of John Bower, Sr.'s shares "only upon the event of his death." Moreover, there was insufficient evidence of delivery. The document conditioned the relinquishment of the shares upon John Bower, Sr.'s death. The document suggests that John Bower, Sr. continued to retain control over his shares and had he returned safely from his vacation, he would not have been required to execute any further documents to evidence such control. Another factor weighing slightly in favor insufficient delivery is that there was no delivery of stock certificates or registration of shares to evidence delivery, though that factor is not determinative because

---

2. "[W]hen the gift is prompted by the belief of the donor that his death is impending, and is made as a provision for the donee, if death ensures, it is distinguished from the ordinary gift inter vivos and called donatio mortis causa." *Titusville Trust Co. v. Johnson*, 375 Pa. 493, 498 (Pa. 1953).

North Branch did not appear to always follow conventional methods regarding stock certificates. But there was no tangible delivery to evidence relinquishment of John Bower, Sr., immediate control of the stock. In sum, the court finds that there was insufficient evidence of donative intent and delivery for an inter-vivos gift.

This court further concludes that John Bower, Jr. failed to produce sufficient evidence for a gift in contemplation of death (*mortis causa*). The court finds that John Bower, Sr. did not believe he was about to die or was likely to die soon. This finding is supported by the language John Bower, Sr. used. John Bower, Sr. used the term "unforeseen reason" as a preface to the relinquishment of his shares. He also resigned from his position "[i]n the event I should not return in a timely fashion[.]" That language suggests the possibility of a prolonged vacation, or typical travel concerns, but not imminent death. Furthermore the stipulated facts do not give rise to an inference that John Bower, Sr. believed he was about to die or was likely to die soon. Those facts were that John Bower, Sr. suffered from medical conditions but did not die from any health condition known to him at the time of the meeting. John Bower, Sr. died as a result of an unexpected vehicle accident. There was not a stipulation that would allow the court to find that John Bower, Sr. suffered from an imminently life-threatening illness known to him at the time the document was executed. Even had there been the requisite belief of impending death, there was still insufficient evidence of donative intent and delivery, as was previously discussed. Therefore, this court concludes that there was insufficient evidence that the document constituted a gift in contemplation of death.

Lastly, the parties invited guidance on a question not directly before this court to assist in possible resolution of the remaining claims set for trial. The question is whether the document is testamentary and whether it could be probated even though the estate of John Bower, Sr. has been open for two years. The court believes that it cannot provide such an advisory opinion or guidance, especially since the matter has not been fully briefed by the parties and jurisdiction is an issue.

## ORDER

And now, this 14th day of February, 2014, it is ordered and directed that verdict and judgment is entered as follows.

1. John Bower, Jr. claim for an *inter vivos* gift or a gift *mortis causa* of John Bower,

Sr.'s shares in North Branch is denied.

2. Therefore, based upon the stipulation of parties in conjunction with the rulings by this court, the court finds the percentage of ownership of North Branch is as follows: John Bower, Jr. 25%, Penelope Bower, 25%, and the estate of John Bower, Sr., 50%; This decision is without prejudice to John Bower, Jr.'s potential claim against the estate asserting that the document is testamentary and eligible for probate.

3. This matter is hereby placed on this court's April 2014 trial term to litigate any remaining claims. A pre-trial is scheduled for the 7th day of March, 2014, at 10:00 a.m. in Courtroom #3. Any motions in limine must be filed by March 3, 2014, with supporting legal memoranda.

Any reply with supporting memoranda shall be filed by March 14, 2014. A courtesy copy should be provided to the undersigned. Argument on any motions filed will be scheduled to be heard March 26, 2014, between 1:30 and 5:00 p.m. in Courtroom #3.

4. Attorney Mark Taylor's motion to withdraw is hereby granted. Counsel is directed to serve this order upon Penelope Bower and provide the court and opposing counsel with her current address for service of future documents.